IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEDICAL-LEGAL CONSULTING INSTITUTE, INC. | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ JURY DEMANDED |
| COMPLIANCE REVIEW SERVICES, INC., and KIMBERLEY KELLY, individually | § § § § | H 06 -0321 |
| Defendants. | § § | |

**ORIGINAL COMPLAINT AND**
**APPLICATION FOR PRELIMINARY INJUNCTION**

Medical-Legal Consulting Institute, Inc. ("MLCI" or "Plaintiff") files this Original Complaint and Application for Preliminary Injunction ("Complaint") against Compliance Review Services, Inc. ("CRS"), and Kimberley Kelly ("Kelly") (collectively "Defendants") and would respectfully show the Court as follows:

**I.**
**PARTIES**

1. Plaintiff Medical-Legal Consulting Institute, Inc. is a Texas corporation with its principal place of business at 5615 Kirby Drive, Suite 425 Houston, Texas 77005.

2. Defendant Compliance Review Services, Inc. is a Texas corporation, which is doing business in the State of Texas. CRS has its principal place of business at 11201 Steeple Park Drive, Houston, Texas 77065. CRS may be served with process through its registered agent Kimberley A. Seger at her address 9898 Bissonnet, Suite 650, Houston, Texas 77036.

3. Defendant Kimberley Kelly is a resident of the State of Texas and is the Chief Executive Officer of Compliance Review Services, Inc. Kelly may be served with process at her

1906248.7

1

business address 11201 Steeple Park Drive, Houston, Texas 77065, or wherever she may be found.

## II.
## JURISDICTION AND VENUE

4. The United States District Court for the Southern District of Texas has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States. This action is based on 15 U.S.C. §§ 1051, *et. seq.*, a/k/a the Lanham Act, and Texas statutes and laws on trademarks, unfair competition and dilution.

5. Plaintiff brings this suit based on an actual controversy existing between Plaintiff and Defendants as to the alleged infringement of Plaintiff's federally registered mark, and the acts of Defendants, which constitute unfair competition. Furthermore, this suit is based on Defendants' violations of Texas statutes and laws on trademarks, unfair competition and dilution law.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391 because: (1) CRS is a Texas corporation and Ms. Kelly is a Texas resident; and (2) a substantial portion of the events giving rise to the causes of action described herein occurred, and continue to occur, in Houston, Texas in the Southern District of Texas. Defendants have been doing business in this judicial district at all relevant times by selling their products and services, which are the subject of this dispute, in the Southern District of Texas.

## III.
## FACTUAL BACKGROUND

7. MLCI is the authoritative resource center for nurses seeking education in the field of legal nurse consulting. Vickie L. Milazzo ("Milazzo"), the founder and president of MLCI, has pioneered the field of legal nurse consulting since 1982. As the authoritative educator in this

2

field, Ms. Milazzo created the first national certification for Certified Legal Nurse Consultants ("CLNCs") in 1994. Nationally known and recognized by both nurses and attorneys, the CLNC Certification is the official certification of the *National Alliance of Certified Legal Nurse Consultants* (the "NACLNC"), the nation's largest association of legal nurse consultants. Due to Ms. Milazzo's fame and name recognition within nursing, MLCI has been doing business in the name of its division, "Vickie Milazzo Institute" ("VMI"), since January 1, 2004. Ms. Milazzo has trained in excess of twenty thousand registered nurses ("RNs") throughout the United States, and certified in excess of thirteen thousand nurses as CLNCs. Through her efforts in this field, Ms. Milazzo has single-handedly created a brand new profession for RNs.

8. MLCI/VMI is the nation's oldest and largest legal nurse consulting training organization and is also a publishing company devoted to legal nurse consulting. MLCI/VMI enjoys substantial recognition and goodwill associated with its president, Vickie L. Milazzo, it publications, certification and other educational programs and offerings.

**A.     The CLNC Mark**

9. "CLNC" is a federally registered trademark of MLCI (the "Mark"), and a true and correct copy of the United States Patent and Trademark Office Certificate of Registration No. 2,409,723 is attached hereto and incorporated herein as Exhibit A. This registration is valid, subsisting, and in full force and effect.

10. The CLNC certification and the CLNC Certification Mark are associated exclusively with MLCI/VMI, as MLCI/VMI has used the Mark in interstate commerce continuously since March of 1994. Although MLCI/VMI allows nurses certified through MLCI/VMI to use the Mark, MLCI/VMI does not license the Mark to unrelated entities or individuals. As a result of MLCI/VMI's extensive marketing, advertising and other business

generation efforts to promote the CLNC certification, the Mark has become well known in the Houston metropolitan area, the state of Texas, and throughout the United States as identifying the MLCI/VMI's certification, education programs and other offerings. Customers and potential customers in these areas have come to identify the Mark as originating with MLCI/VMI. Consequently, MLCI/VMI has developed substantial recognition among the consuming public for its certification courses and other programs associated with the Mark and has acquired and now enjoys a valuable reputation and the significant goodwill associated with the Mark.

11. MLCI/VMI's use of the Mark in the legal nurse consulting training and certification industry has been exclusive and widespread, resulting in substantial recognition and association of the Mark with MLCI/VMI by the consuming public for legal nurse consulting training and certification.

**B. Defendants' Unauthorized Use of MLCI/VMI's Mark**

12. Upon information and belief, Defendant Kelly founded Defendant Compliance Review Services, Inc. in 1997.

13. Defendant Kelly is a former student of MLCI/VMI, and attended an MLCI/VMI course that ran from October 25 to October 30, 1999, as Ms. Kim Seger. Defendant Kelly took the certification exam and became a certified legal nurse consultant or CLNC. Defendant Kelly renewed her certification in both 2001 and 2003, however, Defendant Kelly allowed her certification to lapse in December 2005.

14. Upon information and belief, Defendant Kelly offered legal nurse consulting services after becoming a certified legal nurse consultant or CLNC through MLCI/VMI.

15. Upon information and belief, Defendants have recently entered into the legal nurse consulting training industry and have begun using MLCI/VMI's Mark in a number of their training materials.

16. First, Defendants have begun teaching courses and distributing their own training manual, the *Compliance Review Services, Inc. Consulting & Training Services Student Manual* (the "CRS Student Manual"), wherein Defendants use MLCI/VMI's Mark without permission. For example, the "Nursing Home" section uses MLCI/VMI's Mark in the "CLNC Guidelines," and the "CLNC QA Form."

17. By using MLCI/VMI's Mark in association with legal nurse consulting training provided by the Defendants, Defendants are infringing upon MLCI/VMI's trademark rights. The use of the Mark in association with legal nurse consulting training in the CRS Student Manual gives the false impression of affiliation between Defendants and MLCI/VMI, as well as the false impression that MLCI/VMI approves of or endorses the content of Defendants' legal nurse consulting training course or materials.

18. Additionally, Defendants have used a trademark identical to the Mark in their PowerPoint presentations given to Defendants' customers at training seminar held by Defendants in Las Vegas in October 2005. For example, the *Nursing Home* section of the CRS Student Manual includes copies of a PowerPoint slide presentation entitled "Nursing Home Cases" (the "CRS Presentation"). Beginning at slide 21, the presentation incorporates the Mark in multiple instances, including three slides under "CLNC Guidelines" and eight slides under "CLNC QA." In fact, out of the ninety-two slides in the presentation, eleven slides incorporate at least one use of the Mark.

19. By using MLCI/VMI's Mark in association with the "Nursing Home Cases" legal nurse consulting training presentation, Defendants are infringing upon MLCI/VMI's trademark rights. The use of the Mark in association with legal nurse consulting training in the "Nursing Home Cases" presentation gives the false impression of affiliation between Defendants and MLCI/VMI, as well as the false impression that MLCI/VMI approves of or endorses the content of Defendants' legal nurse consulting training course or materials.

20. Furthermore, Defendants have marketed and sold copies of a compact disc titled *Compliance Review Services, Inc. Nursing Home Case Packet* (the "Nursing Home Case Packet CD") that uses the a trademark identical to the Mark. Indeed, the Table of Contents document refers to a document titled "CLNC Guideline Form-checklist." This document then uses the Mark no less than three times: "CLNC Guideline," "the Senior CLNC ...," and "CLNC Reviewer."

21. The Nursing Home Case Packet CD also includes the document titled "Quality Assurance Review Form." At the top of the first page of this three page document, and in a font size larger than any other font size used in the document, appears "CLNC" above the line "Quality Assurance Review." Furthermore, the Nursing Home Case Packet CD includes a document titled "Failures of Care Checklist." At the bottom of page 2 of this two page document are three uses of the Mark next to the word "Reviewer."

22. By using the Mark in association with multiple documents on the Nursing Home Case Packet CD, Defendants are infringing upon MLCI/VMI's trademark rights. The use of the Mark in association with legal nurse consulting training in the Nursing Home Case Packet CD gives the false impression of affiliation between Defendants and MLCI/VMI, as well as the false

impression that MLCI/VMI approves of or endorses the content of Defendants' Nursing Home Case Packet CD.

C.  **The Directory of Nursing Expert Witnesses and Legal Nurse Consultants**

23. MLCI/VMI currently maintains the *NACLNC® Directory of Certified Legal Nurse Consultants* (the "NACLNC Directory"), which contains the names of Certified Legal Nurse Consultants in on-line form. Prior to June 2004, MLCI/VMI also maintained a printed version of the NACLNC Directory that was available for purchase by CLNCs and was known as the *Directory of Nursing Expert Witnesses and Legal Nurse Consultants*.

24. For an individual to gain access to the NACLNC Directory, the individual has to complete several steps in a process. First, they have to successfully complete the MLCI/VMI program, and pass the certification examination. Each student then completes an application that includes several pieces of information including, but not limited to, the individual's email address, street address, credentials and other information pertinent to the NACLNC Directory. The individual also has to request access in the online "NACLNC Community." This form is then used by MLCI/VMI to complete the individual's record in the NACLNC directory. The individual then receives a notice from MLCI/VMI that includes the individual's user name and the password to the NACLNC Community section of MLCI/VMI website, if the individual has requested NACLNC Community access. The NACLNC Directory is located in the NACLNC Community section of the MLCI/VMI website, and can only be accessed by passing through the password "portal" into the NACLNC Community section of the MLCI/VMI website. MLCI/VMI maintains a list of user names allowed to access the NACLNC Community section of MLCI/VMI website, and the NACLNC Directory.

7

25. The use of the NACLNC Directory by a CLNC who has requested access to the password-protected NACLNC Community section of the MLCI/VMI website is only for locating and hiring of legal nurse consultants and nursing expert witnesses. Individuals given access to the NACLNC Directory have requested access and agreed to the restricted use of the NACLNC Directory in exchange for the use of the NACLNC Directory.

26. The printed version of the NACLNC Directory stated that the purchase and use of the *Directory of Nursing Expert Witnesses and Legal Nurse Consultants* for any purposes not reasonably related to the locating and hiring of legal nurse consultants and nursing expert witnesses is prohibited. Furthermore, the use of the NACLNC Directory for direct marketing, recruitment or any other similar purpose is specifically prohibited.

27. At all live training programs, such as the program Defendant Kelly attended, Ms. Milazzo describes the benefits of inclusion in the NACLNC Directory to the students. She also describes proper uses and prohibited uses of the NACLNC Directory.

28. The training offered by MLCI/VMI includes a brief description of allowed and prohibited uses of the NACLNC Directory.

29. The online version of the NACLNC Directory has multiple false leads to guard against unauthorized commercial use of the names listed in the NACLNC Directory.

30. MLCI/VMI has made more explicit the uses of the online version of the NACLNC Directory with a click-wrap license describing allowed and prohibited uses.

31. Defendant Kelly purchased printed copies of the NACLNC Directory in 1999 and 2002. Defendant Kelly was until recently CLNC Certified. Defendant Kelly previously requested access to the password-protected NACLNC Community on the MLCI/VMI website. Defendant Kelly had access to the on-line version of the NACLNC Directory. Defendant Kelly

by purchasing and using printed versions of the NACLNC Directory, and by accessing the on-line version of the NACLNC Directory had agreed to the restrictions on use of the information contained in the various version of the NACLNC Directory used or accessed by Defendant Kelly.

32. Defendants sent advertising materials ("CRS Advertising") to at least one known NACLNC Directory entry on or before June 14, 2005, for legal nurse consulting training to be provided by Defendants in Las Vegas, Nevada, on October 6-7, 2005, and in Houston, Texas, on January 12-13, 2006.

33. In the CRS Advertising, Defendants used the Mark without MLCI/VMI's permission. Indeed, Defendants did not seek prior approval of MLCI/VMI to use Defendant's legal nurse consulting course to meet the continuing education recertification requirements of CLNCs. An employee of Defendants contacted MLCI/VMI posing as an individual unaffiliated with Defendants falsely stating that she wished to use the Defendants' legal nurse consulting course for recertification. Approval was granted for that individual, who subsequently did not submit for recertification after receiving the approval. Shortly afterwards, Defendants indicated that the Defendants' legal nurse consulting course could be used to meet the continuing educational requirements of MLCI/VMI for renewal and recertification of CLNC status. This is a misrepresentation and leads the consumer to conclude, based on the manner in which the Mark is used, as well as the misrepresentation about approval, that CRS is in some manner associated or affiliated with MLCI/VMI.

34. By using the Mark in association with the CRS Advertising, Defendants are infringing upon MLCI/VMI's trademark rights. Moreover, the use of the Mark in association with legal nurse consulting training provided by Defendants gives the false impression of an

affiliation between Defendants and MLCI/VMI, as well as the false impression that MLCI/VMI approves of or endorses the content of Defendants' legal nurse consulting training.

35. Additionally, in the CRS Advertising, Defendants used the Mark to falsely designate one of the instructors as holding a CLNC certification. For example, the CRS Advertising lists Pam Bailey as a CLNC. Ms. Bailey was not then, and is not currently CLNC certified. Defendants' use of the Mark in association with Ms. Bailey falsely represents that Ms. Bailey is CLNC certified.

## IV.
## CAUSES OF ACTION

**A.** **Trademark Infringement and Lanham Act Violations**

36. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

37. Defendants have adopted and are using a certification mark that is identical to MLCI/VMI's Mark, which was used and registered by MLCI/VMI long before such adoption by Defendants. Defendants use the Mark prominently in its CRS Advertising without MLCI/VMI's permission. Furthermore, Defendants are engaging in a business identical to that of MLCI/VMI and in providing legal nurse consulting training that could damage the Mark. Defendants use of MLCI/VMI 's Mark will likely confuse, mislead and deceive potential consumers.

38. In adopting and using a mark that is identical to the MLCI/VMI 's Mark, Defendants have sought to capitalize on MLCI/VMI's goodwill and image as the leader in legal nurse consulting training. Defendants' adoption of the infringing mark will not only likely mislead, deceive, and confuse the public, but may effectively diminish and destroy the distinctiveness of MLCI/VMI's Mark. Defendants' unauthorized use of the Mark will enable Defendant to receive the benefit of the goodwill built up at a great effort and expense by

MLCI/VMI, and to gain acceptance for its business. All of this will be accomplished, not on any merits of the training offered by Defendants, but on the reputation and goodwill of MLCI/VMI and its long history and pioneering efforts in legal nurse consulting training.

39. Furthermore, Defendants' unauthorized use of the Mark falsely indicates to the public that Defendants and its training are in some manner affiliated or connected with, sponsored by, or related to MLCI/VMI and its business. Consequently, Defendants have infringed on the Mark pursuant to 15 U.S.C. § 1114.

40. In addition, MLCI/VMI is unable to control the quality of the services and training offered by Defendants under the Mark, and such use by Defendants places the valuable reputation and goodwill of MLCI/VMI in the hands of Defendants, over whom MLCI/VMI has absolutely no control. Defendants' use of the Mark is likely to cause confusion, mistakes and/or deceive potential customers as to the origin, sponsorship or approval of Defendants' services and training, thereby infringing MLCI/VMI's rights in violation of 15 U.S.C. § 1125(a)(1)(A). Further, Defendants are diluting the exclusivity and distinctiveness of the Mark in violation of 15 U.S.C. § 1125(c).

41. Upon information and belief, Defendants are currently offering training for the offending legal nurse consultant course and will continue to do so unless enjoined from doing so by this Court. The continuing acts of Defendants are jeopardizing the goodwill of MLCI/VMI and its valuable Mark, and such acts have caused and are causing irreparable injury to MLCI/VMI and to the relevant consuming public. Unless the acts of the Defendants complained of herein are enjoined by this Court, they will be continued, and they will continue to cause irreparable injury to MLCI/VMI and to the public, for which there is no adequate remedy at law.

11

Consequently, pursuant to 15 U.S.C. § 1116(a), MLCI/VMI is entitled to preliminary injunctive relief to prevent Defendants' continuing acts of infringement.

42. MLCI/VMI also seeks an accounting of damages.

**B.** **Violation of the Lanham Act Through Unfair Competition**

43. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

44. The commercial activities of the Defendants constitute unfair competition, under common law and 15 U.S.C. § 1125. The law of unfair competition generally protects consumers and competitors from deceptive or unethical conduct in commerce. The term unfair competition has no discrete definition as it has evolved to encompass those acts which are determined to be unfair on a fact-intensive basis. The acts of the defendant are unfair.

45. Defendants have unfairly copied the confidential Institute Directory and directly marketed competing services and training to MLCI/VMI's customers in violation of the use restrictions on the NACLNC Directory. Moreover, Defendants have incorporated MLCI/VMI's Mark into the legal nurse consulting training and materials provided by Defendants in an effort to entice MLCI/VMI's customers to take Defendants' course. Defendants have also alleged that Defendants' training satisfies the education requirements for an MLCI/VMI customer to maintain CLNC Certification in an effort to entice MLCI/VMI's customers to take Defendants' course. Accordingly, Defendants have unfairly competed with Plaintiff.

46. Defendants' acts of unfair competition are irreparably injuring Plaintiff's goodwill and eroding Plaintiff's share of the market and, unless enjoined by this Court, will continue to do so. Therefore, pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to preliminary injunctive relief to prevent Defendants' continuing acts of unfair competition.

### C. Violation of the Lanham Act Through False Advertising

47. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

48. In addition to the violations of the Lanham Act set out in paragraphs 41-44, Defendants have made false statements with respect to claiming one of the instructors holds a CLNC certification. Specifically, the CRS Advertising list Pam Bailey as a CLNC. Ms. Bailey was not then, and is not currently CLNC certified.

49. MLCI/VMI has no adequate remedy at law for Defendants' false advertising under the Lanham Act and seeks an order from this Court enjoining Defendants from falsely claiming any instructor of Defendants' training holds a CLNC certification when the instructor is not CLNC certified. MLCI/VMI further seeks a preliminary injunction and permanent injunction preventing Defendants from representing that Ms. Bailey is CLNC certified.

50. Additionally, MLCI/VMI seeks to recover all monetary damages caused by Defendants' violations of the Lanham Act.

51. Defendants' actions were intentional, fraudulent, deliberate and willful. Therefore, this is an exceptional case under 15 U.S.C. §1117

### D. Common Law Trademark Infringement and Unfair Competition

52. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

53. The acts of Defendants complained of above constitute trademark infringement and unfair competition under the common law of the state of Texas. Indeed, Defendants' unauthorized use of the Mark constitutes infringement of MLCI/VMI's common law trademark rights in the Mark, as well as unfair competition under Texas law. As a result of the

infringement and unfair competition by Defendants, MLCI/VMI has suffered, and is suffering, injury and damage in an amount yet to be determined.

54. Upon information and belief, the acts of infringement by Defendants have resulted and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. Such acts of unfair competition and trademark infringement are irreparably injuring MLCI/VMI's goodwill, and therefore MLCI/VMI seeks injunctive relief to prevent this type of injury from continuing. Under the common law of the state of Texas, Plaintiff is entitled to preliminary injunctive relief to prevent Defendants' continuing unfair competition and trademark infringement.

55. MLCI/VMI also seeks an accounting of damages.

E. **Breach of Contract**

56. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

57. All conditions precedent to recovery under breach of contract have occurred.

58. As a former MLCI/VMI student and having purchased printed versions of the NACLNC Directory, Defendant Kelly was aware of the restricted use of the NACLNC Directory. Defendant Kelly then requested access to the online version of the NACLNC Directory. Defendant Kelly knew and agreed to abide by the restrictions on use of the NACLNC Directory. Defendant Kelly was obligated to comply with the terms and conditions of her contract for use of the information in the NACLNC Directory.

59. Defendant Kelly breached her contractual obligations with MLCI/VMI by using the information contained in the NACLNC Directory for marketing CRS Advertising to the certified CLNCs listed in the NACLNC Directory. Defendants breach has caused MLCI/VMI irreparable injury for which there is no adequate remedy at law.

60. MLCI/VMI further seeks a preliminary injunction and permanent injunctive relief preventing Defendants from using either the NACLNC Directory or information obtained from the NACLNC Directory for future marketing efforts of Defendants.

61. MLCI/VMI also seeks, additionally and alternatively, all damages caused by Defendants' breaches of contract. However, as described above, the amount of MLCI/VMI's monetary damages is unliquidated and incapable of being calculated at this time

**F.     Texas Antidilution Act**

62. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

63. The facts set out above demonstrate that Defendants are diluting the exclusivity and distinction of the Mark in violation of the Texas Anti-Dilution Act. Defendant's unauthorized use of a form of the Mark constitutes a dilution of MLCI/VMI's Mark and injures the MLCI/VMI's business reputation, in violation of Tex. Bus. & Com. Code § 16.29.

64. As a result of the dilution by Defendants, MLCI/VMI has suffered, and is suffering irreparable injury and damage in an amount yet to be determined. Upon information and belief, the acts of dilution by Defendants have resulted and are currently resulting in substantial unjust profits and unjust enrichment on the part of Defendants in an amount yet to be determined. Accordingly, MLCI/VMI seeks injunctive relief to prevent this type of injury from continuing.

65. MLCI/VMI also seeks an accounting of damages.

**G.     Application for Preliminary Injunction**

66. Plaintiff repeats and realleges each of the allegations contained in the preceding paragraphs.

67. The facts set out above establish that Defendants' use of the NACLNC Directory, incorporation of the Mark and the continued offering of such services and training are causing irreparable injury to MLCI/VMI. Moreover, it is abundantly clear that: (1) MLCI/VMI is likely to succeed on the merits of its claims; (2) MLCI/VMI will suffer irreparable harm unless Defendants are enjoined from further use of the MLCI/VMI Mark or the NACLNC Directory; (3) the balance of hardships favors enjoining Defendants' further use of the MLCI/VMI Mark, or other marks confusingly similar to the MLCI/VMI Mark, or the use of the NACLNC Directory; (4) granting such an injunction will not disserve the public interest.

68. Accordingly, pursuant to Rule 65(a), MLCI/VMI is entitled to, and hereby requests, a Preliminary Injunction until the time of trial prohibiting the further use of the NACLNC Directory in a prohibited manner, infringement, unfair competition, or dilution of the Mark by Defendant.

## V.
## CONCLUSION AND PRAYER

69. WHEREFORE, following a hearing on the Application for Preliminary Injunction, Plaintiff requests that the Court issue a preliminary injunction prohibiting Defendants from using, or selling, or offering any services or training under the Mark, or any marks confusingly similar to the Mark, until after a trial or other final hearing on the merits. Plaintiff further requests that after a trial or other final hearing on the merits, the Court:

(a) issue a permanent injunction prohibiting Defendants from infringing on MLCI/VMI's CLNC Certification Mark;

(b) issue an order requiring Defendants to (i) destroy all products, literature, advertising material, product packaging, stationery, and other printed materials that infringe upon MLCI/VMI's CLNC Certification Mark, and (ii) file with the

Court and serve on MLCI/VMI, within thirty (30) days after entry of a permanent injunction, a written report verified under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order requested above;

(c) enter judgment for MLCI/VMI for recovery of and from Defendants the actual, consequential, incidental, special, and enhanced damages requested in this Complaint including a disgorgement of all profits made by Defendants as a result of its wrongful acts and a recovery of all sums by which Defendants has been unjustly enriched, together with pre-judgment interest on such damages at the maximum allowable rate, and post-judgment interest on all amounts awarded until paid; and

(d) enter judgment that MLCI be awarded from Defendants its costs and attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. § 1117.

MLCI further requests such additional relief to which it may show itself justly entitled.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38, Plaintiff hereby requests a trial by jury on all counts.

DATED: January 31, 2006.

        Respectfully submitted,

        BRACEWELL & GIULIANI LLP

        By: _____
        Glenn A. Ballard, Jr., attorney-in-charge
        State Bar No. 01650200
        Federal I.D. No. 0825
        John F. Luman III
        Texas State Bar No. 00794199
        Federal I.D. No. 19469
        Christopher A. Shield

>Texas State Bar No. 24046833
>Federal I.D. No. 581968
>
>South Tower Pennzoil Place
>711 Louisiana, Suite 2300
>Houston, Texas 77002
>(713) 223-2300 (Telephone)
>(713) 221-1212 (Telecopier)
>
>ATTORNEYS FOR
>MEDICAL-LEGAL CONSULTING
>INSTITUTE, INC.

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Medical-Legal Consulting Institute, Inc.

## DEFENDANTS
Compliance Review Services, Inc., and Kimberley Kelly

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Glenn A. Ballard, Jr. and John F. Luman III
Bracewell & Patterson, L.L.P.
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300/(713) 221-1212 - Fax

ATTORNEYS (IF KNOWN)

H 06 -0321

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JAN 3 1 2006
MICHAEL N. MILBY, CLERK OF COURT

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. §§ 1051, et. Seq., a/k/a the Lnaham Act, and Texas statutes and laws on trademarks, unfair competition and dilution.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions).   JUDGE _____   DOCKET NUMBER _____

DATE: January 31, 2006

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____