IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEDICAL-LEGAL CONSULTING INSTITUTE, INC. § § § Plaintiff, § § vs. § § COMPLIANCE REVIEW SERVICES, INC., § and KIMBERLEY KELLY, individually § § Defendants. § | CIVIL ACTION NO. H 06-0321 JURY DEMANDED |

## FINAL JUDGMENT

On this day came to be heard the parties' Agreed Motion for Entry of Agreed Final Judgment. The Court, having considered the motion, is of the opinion it should be GRANTED. It is therefore,

ORDERED, ADJUDGED, AND DECREED that:

(a) Compliance Review Services, Inc. ("CRS") shall cease and desist further use of the mark at issue in this case, "CLNC" (hereinafter the "Mark").

(b) CRS acknowledges that the Mark is valid and incontestable.

(c) CRS shall immediately commence modifying, deleting, and purging the Mark from any advertising, website, and/or business communications created after the date of this Agreement and shall use best efforts and take all necessary actions to complete same by January 15, 2007.

(d) CRS agrees not to adopt a mark that is confusingly similar to the Mark.

(e) CRS shall immediately cease and desist from all use of Medical-Legal Consulting Institute, Inc.'s Directory of Nursing Expert Witnesses and Legal Nurse Consultants (the "Directory").

(f) CRS shall purge the names and associated information obtained from the Directory from CRS's database and lists. This will include personal computers and/or computing devices of CRS employees. CRS will also certify it has destroyed all copies of the Directory, and that CRS, as well as all directors,

officers, employees, and agents do not posses, maintain, or have access to the Directory. CRS also agrees that no directors, officers, employees, and agents of CRS which have or may in the future have a legal or authorized right to access the Directory, will at any time review, use, consult, or refer to the Directory for marketing or disseminating information regarding any seminar or service to any party listed in the Directory. CRS shall be entitled to keep the names of those thirteen (13) parties who attended CRS's seminar. CRS shall be free to market to CLNC's whose names are found in or purchased by CRS from other sources.

(g)   Kimberley Kelly and/or CRS shall pay a confidential sum to MLCI in three (3) payments, on January 15, 2007; March 15, 2007; and December 31, 2007.

(h)   Any person that maintains a valid and active CLNC certification through MLCI may identify themselves as a CLNC, and any person who formally maintained a valid and active CLNC certification through MLCI may truthfully state that fact and the dates of such certification.

(i)   Prior to instituting a contempt proceeding, MLCI shall give notice of the infraction and allows ten (10) business days to cure any infraction.

(j)   All parties shall bear their own attorneys' fees, costs and expenses.

Signed this ___7th___ day of ___February___, 2007.

_____
JUDGE PRESIDING